IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| EASTCOAST SIDING, INC. d/b/a EASTCOAST EXTERIORS | * | |
| | * | Civil Action No.: 1:19-cv-03303-APM |
| *Plaintiff* | | |
| v. | * | |
| SELECTIVE INSURANCE COMPANY OF AMERICA | * | |
| | * | |
| *Defendant.* | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**SELECTIVE INSURANCE COMPANY OF AMERICA'S ANSWER TO COMPLAINT**

Defendant Selective Insurance Company of America ("Selective" or "Defendant"), by counsel, files its Answer to the Complaint filed by Plaintiff, the Eastcoast Siding, Inc. d/b/a Eastcoast Exteriors ("Eastcoast"), and states:

**PARTIES**

1. Admitted upon information and belief as to the organization and principal place of business of Eastcoast. Selective lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 1 regarding Eastcoast's authorization to do business.

2. Admitted that Selective is a New Jersey corporation. Selective is an insurance company authorized to issue surety bonds as well as insurance products. Selective is authorized to conduct business in the District of Columbia.

**JURISDICTION AND VENUE**

3. Paragraph 3 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, this Court has jurisdiction over this action pursuant

1

to 28 U.S.C. § 1332 in that this action is between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

4. Paragraph 4 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Selective admits that the location of the project is in the District of Columbia.

## FACTS

5. Selective admits that construction services were provided at a project known as the Ward 4 – Short Term Family Housing, contract No. 17-008-002, located at 5505 Fifth Street NW Washington, DC, 20011 (the "Project"). Selective denies the allegation that Moseley Construction Group ("Moseley") was a general contractor for the Project. Selective lacks knowledge or information sufficient to form a belief as to the truth of the balance of the allegations of Paragraph 5 of the Complaint.

6. Selective admits that it issued a payment bond dated May 3, 2018 describing the Project, naming Moseley as bond principal, and Selective as Surety (the "Bond"), and further admits that Exhibit A to the Complaint appears to include a copy of the Bond. The terms of the Bond speak for themselves, and Selective denies any simplification or characterization of the Bond, including the balance of the allegations of Paragraph 6 of the Complaint.

7. Selective admits, upon information and belief, that Eastcoast and Moseley entered into a subcontract agreement. Selective lacks knowledge or information sufficient to form a belief as to the truth of the balance of allegations in Paragraph 7 of the Complaint.

8. Selective avers, upon information and belief, that Eastcoast and Moseley entered into a subcontract agreement. Selective lacks knowledge or information sufficient to form a belief as to the truth of the balance of allegations of Paragraph 8 of the Complaint.

9.    Selective denies the averments contained in Paragraph 9.

## COUNT I
(Action on Payment Bond Against Selective)

10.   Selective incorporates its responses to Paragraphs 1-9 as though fully stated herein.

11.   Selective admits that it issued a payment bond dated May 3, 2018 naming Moseley as bond principal and Selective as surety. The terms of the Bond speak for themselves, and Selective denies any simplification or characterization of the Bond, its application or interpretation, including the balance of the allegations of Paragraph 11 of the Complaint.

12.   The terms of the Bond speak for themselves, and Selective denies any simplification or characterization of the Bond, its application or interpretation, including the balance of the allegations of Paragraph 12 of the Complaint. To the extent a further response is required, Selective denies the allegations of Paragraph 12 of the Complaint as it improperly attempts to characterize the meaning of "Claimant" as that term is used in the Bond.

13.   Selective denies the averments contained in Paragraph 13.

14.   Selective denies the averments contained in Paragraph 14.

15.   Selective denies the averments contained in Paragraph 15.

16.   Selective admits that it received a letter dated November 1, 2019, from Eastcoast and further admits that Exhibit D to the Complaint appears to include a copy of that November 1, 2019 letter. Selective denies the balance of the allegations of Paragraph 16 of the Complaint.

17.   Selective denies the averments contained in Paragraph 17.

18.   Selective denies the averments contained in Paragraph 18.

In response to Plaintiff's "WHEREFORE" *ad damnum* clause: To the extent that there are any allegations of fact in the relief requested in the *ad damnum* paragraph under Count I of the

Complaint, Selective denies those allegations, damages, and claims, and demands strict proof thereof.

### AFFIRMATIVE AND ADDITONAL DEFENSES

Selective hereby asserts each of the following affirmative, negative, separate and additional defenses ("Affirmative Defenses") to the claims set forth in the Complaint:

### FIRST AFFIRMATIVE DEFENSE

The Complaint, and each and every count thereof, fails to state a claim against Selective upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Selective denies all allegations not expressly admitted herein.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent Eastcoast may have materially breached the contract between it and Moseley, and/or failed to meet all conditions precedent for payment under the contract or the Bond.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred or limited by the terms of the contract between Moseley and Eastcoast, including all payment terms of such contract.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred or limited by the doctrine of accord and satisfaction.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred or limited because Plaintiff executed a release and/or otherwise agreed to release its rights to some or all of the claims asserted in the Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are or may be barred or limited by the doctrines of payment, set-off and recoupment, including by not limited to all the valid backcharges, change orders, delays, set-offs or reductions.

**NINETH AFFIRMATIVE DEFENSE**

Plaintiff's claims are or may be barred or limited by its failure to mitigate its damages.

**TENTH AFFIRMATIVE DEFENSE**

Some or all of the damages claimed by Plaintiff are not recoverable under the Bond.

**ELEVENTH AFFIRMATIVE DEFENSE**

Selective asserts any and all valid defenses asserted by or available to the Bond principal, which defenses operate and extend to the benefit of Selective as surety.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for fees, litigation costs or other such relief are barred under the terms of its contract with Moseley and/or the Bond.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are or may be barred or limited by the doctrines of estoppel and waiver.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Selective respectfully reserves the right to assert additional and alternate defenses that are discovered during the course of discovery in this matter or that are otherwise available to Selective.

**WHEREFORE**, having fully answered the Complaint, Defendant Selective Insurance Company of America respectfully requests that this Honorable Court dismiss the Complaint with prejudice, enter judgment in favor of Selective as to all Counts and Claims asserted against it, and grant such further and additional relief in favor of Selective as the Court deems just and proper.

Respectfully submitted,

*/s/ David D. Gilliss*_____
David D. Gilliss, Bar No. MD05174
Robert H. Kline, Bar No. MD0103
Pike & Gilliss, LLC
600 Washington Avenue, Suite 303
Towson, Maryland 21204
gilliss@pikegilliss.com
rhkline@pikegilliss.com
*Counsel for Selective Insurance*
*Company of America*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 3, 2019, the foregoing was served via

ECF on the following:

Jeremy C.B. Wyatt
Harrison Law Group
40 W. Chesapeake Ave., Suite 600
Towson, MD 21204
*Counsel for Plaintiff*

*/s/ David D. Gilliss*_____