**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**(Civil Division)**

| | |
|---|---|
| EASTCOAST SIDING, INC. | * |
| d/b/a EASTCOAST EXTERIORS, | |
| | *   **Civil Action No.:  19-cv-03303 (APM)** |
| *Plaintiff,* | |
| | * |
| v. | |
| | * |
| SELECTIVE INSURANCE COMPANY | |
| OF AMERICA, | * |
| | |
| *Defendant.* | * |

\*        \*        \*        \*        \*        \*        \*        \*        \*        \*        \*        \*        \*

<u>**JOINT STATEMENT OF LOCAL RULE 16.3 MEETING**</u>

Pursuant to the Court's December 4, 2019 Order, and in compliance with Rule 26(f) of the Federal Rules of Civil Procedure and Local Civil Rule 16.3, the Plaintiff, Eastcoast Siding, Inc. d/b/a Eastcoast Exteriors ("Eastcoast") and Defendant, Selective Insurance Company of America ("Selective" or "the Surety") (collectively, the "Parties"), conferred on December 10, 2019 and discussed the following matters:

<u>**Brief Statement of the Case**</u>

Plaintiff Eastcoast initiated this action pursuant to a payment bond.  Eastcoast asserts claims on a payment bond issued by Selective in connection with the construction of a project known as "Ward 4 Short Term Family Housing Project" (the "Project") located in Washington, D.C.  Eastcoast was a subcontractor to Moseley Construction Group, Inc. ("MCG") on the Project.  Defendant Selective is the surety on the payment bond that was issued on behalf of MCG for the purpose of securing MCG's payment obligations in connection with the Project.

In its Complaint, Eastcoast alleges that it is owed $308,876.10 by MCG in connection with the Project.  Eastcoast alleges further that under the terms of the payment bond, Selective is liable to Eastcoast for the same.  Selective disputes Eastcoast's claims and alleges that Eastcoast's payment bond claim is not valid.  Selective alleges further that Eastcoast is not entitled to payment from Selective as a result of Eastcoast having executed a full and final release in exchange for a contract payment from the bond principal, Moseley Construction Group, Inc. (a party in related cases).  *See*, Consolidated Case Civil Action No. 19-371 (APM).

**(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

The parties believe that there is potential for this matter to be disposed of by a dispositive motion on the limited issue of release and waiver. The parties will address the specifics of the issue at the Initial Scheduling Conference set for December 20, 2019.

**(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

Other parties shall be joined or the pleadings amended within 30 days from date of this Court's Scheduling Order.

**(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The parties do not consent to this case being assigned to a magistrate judge for all purposes.

**(4) Whether there is a realistic possibility of settling the case.**

The parties have not engaged in settlement discussions, but believe that a realistic possibility of settling the case does exist.  The parties request the opportunity to discuss with the Court at the December 20, 2019 Initial Scheduling Conference whether an early settlement conference or early use of ADR would be beneficial to the process of resolution.

**(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR) what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

The parties believe that this matter could benefit from submission to ADR.  While this matter has not yet been consolidated with the other payment bond claimants' actions, whose actions are now consolidated, the parties anticipate, and consent to, this matter being consolidated. The parties will address the issue of consolidation at the Initial Scheduling Conference set for December 20, 2019.

**(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

The parties believe that this matter might be disposed, in whole or in part, by summary judgment, on the limited issue of release and waiver, depending upon the outcome of initial discovery.  The parties will address the specifics of the issue at the Initial Scheduling Conference

set for December 20, 2019.  The parties propose that the deadline to file dispositive motions shall be 45 days after the close of discovery.

**(7) Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The parties believe that the initial disclosures required by Fed. R. Civ. P. 26(a)(1) should not be dispensed with, and that such disclosures should be exchanged on or before December 30, 2019.

**(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

While this matter has not yet been consolidated with the other payment bond claimants' actions, whose actions are now consolidated in this Court's Case No. 19-371 before Judge Mehta, the parties anticipate, and consent to, this matter being consolidated.

Counsel for Selective previously conferred with counsel for the other bond claim litigants, who, with one exception, consented to the proposed schedule for all consolidated actions.  The exception, which is noted in paragraph 8.II of this Report, at page 4, *infra*, involves counsel for Rich Moe Enterprises who, upon further consideration, has advised that at this stage of the discovery process, it is not appropriate to bind itself to this limited scope of depositions.  Counsel for Eastcoast also does not believe it is appropriate to bind itself to this limited scope of depositions at this time.

In anticipation of consolidation, the parties have agreed to the following:

Discovery may begin on December 30, 2019 (the same day as the exchange of initial disclosures), and the close of discovery shall be April 20, 2020.

The maximum number of interrogatories by each party to another party shall be twenty-five (25) interrogatories per Fed. R. Civ. P. 33, and answers to interrogatories shall be due within thirty (30) days per Fed. R. Civ. P. 33.

The maximum number of requests for admission by each party to another party shall be twenty-five (25) requests (not including requests for the admission regarding the authentication of documents), and answers to requests for admission shall be due within thirty (30) days per Fed. R. Civ. P. 36.  Date for submitting Requests for Admission to the other parties shall be April 20, 2020.

The maximum number of depositions by each party shall be as follows:

I.      This section is applicable to the "Indemnity Action" (meaning the action brought by Selective against MCG and the individual indemnitors, Mr. and Mrs. Moseley):

The parties propose to allocate the following number of depositions by and among Selective Insurance and the Indemnity Defendants (Moseley Construction Group and Mr. and Mrs. Moseley, individually) as follows (and for purposes of this section, Mr. and Mrs. Moseley shall be treated as one party and not two):

(1)     each party shall be entitled to depose the corporate designee(s) of each party;

(2)     each party shall be entitled to depose a maximum of four (4) fact witnesses; and

(3)     each party shall be entitled to depose any expert designated by any party.

The length limit for each deposition shall be one (1) day of seven (7) hours per Fed. R. Civ. P. 30(d).

II.     This section is applicable to the "Payment Bond Litigants" (meaning those entities who have brought an action against Selective under the payment bond, and in some instances against MCG as well), consisting of: Rich Moe Enterprises, Omni Excavators, First Choice Masonry, and Eastcoast.  The parties further propose that by and among the Payment Bond Litigants, each party shall be entitled to take the 30(b)(6) deposition of the opposing party (and maintaining the ability to depose any identified experts pursuant to Rule 26(a)(2)(B) and (C)).  Likewise, in those matters, the defendants, Selective and MCG, shall be limited to the 30(b)(6) deposition of the claimant, and the depositions of any identified expert (including expert/fact hybrid witnesses).  [Notably, counsel for both Rich Moe Enterprises and Eastcoast, upon further consideration, has advised that at this stage of the discovery process, it is not appropriate to bind themselves to this limited scope of depositions].

The dates for exchanging reports of expert witnesses and/or disclosures of fact/expert hybrid witnesses shall be as follows:

(1)     Plaintiff – January 21, 2020;

(2)     Defendant – February 20, 2020; and

(3)     Plaintiff's Rebuttal – March 6, 2020.

Date for supplementations under Fed. R. Civ. P. 26(e): May 6, 2020.

**(9) Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The parties do not anticipate any issues related to electronically stored information, but will work in good faith to preserve and disclose discoverable information.

**(10)   Any issues about claims of privileged or of protection as trial-preparation materials, including- if the parties agree on a procedure to assert these claims after production- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

The parties have agreed to the following procedure with respect to privilege and inadvertently disclosed information:

Privilege Log.  Privileged documents will be logged by the parties according to the following:

1.      Any privileged documents sent directly to outside counsel (as opposed to cc'ing or bcc'ing outside counsel), where no other party appears in the "To" line, do not need to be included on a privilege log;

2.      Privileged communications between the client and in-house counsel need to be included on a privilege log;

3.      Privilege logs will include the following fields:
   a.   Bates/Privilege Number (the latter for withheld documents only), if applicable;
   b.   Date;
   c.   From/Creator (the latter if not an email);
   d.   To;
   e.   CC;
   f.   BCC;
   g.   Document type;
   h.   ID of attachments to a document;
   i.   Subject/Privilege Description; and
   j.   Privilege/Protection Asserted.

Document Preservation.  The parties have taken and will continue to take appropriate steps to preserve electronically stored information as well as physical documents and relevant tangible objects.

Clawback Agreement.  The parties agree and stipulate that the "clawback" of inadvertently produced privileged or trial preparation material shall be governed as follows and in accordance with Fed. R. Evid. 502(d):

In connection with this litigation, if a party or non-party (the "Disclosing Party") inadvertently discloses information subject to a claim of attorney-client privilege or work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information or its related subject matter in this litigation or in any other court or legal proceeding.

If, at any time prior to the trial of this action, the Disclosing Party discovers that it has disclosed Inadvertently Disclosed Information, it shall, as soon as practicable after learning that

such information was inadvertently or mistakenly produced, notify all parties in writing of the inadvertent disclosure and identify all such Inadvertently Disclosed Information. Upon notice of a claim of inadvertent disclosure, the receiving party shall, within 10 business days, return, destroy, sequester, or delete all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned, destroyed, sequestered, or deleted. Until the Court rules on the privileged or protected status of the Inadvertently Disclosed Information, the receiving party shall not use, disclose, or disseminate such information in any way (including, but not limited to, using the information at depositions or trial), and must take reasonable steps to retrieve the Inadvertently Disclosed Information if it was disseminated by the receiving party prior to such notification. The Disclosing Party must preserve the Inadvertently Disclosed Information until its privilege claim is resolved.

Within 10 business days of the notification that such Inadvertently Disclosed Information has been returned, destroyed, sequestered, or deleted, the Disclosing Party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

Within 10 business days after receiving the Disclosing Party's privilege log, a party may notify the Disclosing Party in writing of an objection to a claim of privilege or work product protection with respect to the Inadvertently Disclosed Information. Within 10 business days of the receipt of such notification, the Disclosing Party and the objecting party shall meet and confer in an effort to resolve any disagreement concerning the Disclosing Party's privilege or work product claim.

If, for whatever reason, the parties do not resolve their disagreement after conducting the mandatory meet and confer, the receiving party may request a conference with the Court or move the Court for an order compelling production of the Inadvertently Disclosed Information. The motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

The Disclosing Party bears the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Agreement shall limit the right to request an in camera review of the Inadvertently Disclosed Information.

**(11) Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), should be modified, and whether and when depositions of experts should occur.**

No modifications to the requirements of Fed. R. Civ. P. 26(a)(2) need to be made at this time. Depositions of experts shall be conducted at any time between the production of that expert's report and the discovery deadline.

**(12) In class actions, appropriate procedures for dealing with Rule 23, Fed .R. Civ. P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

Not applicable.

**(13) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

No bifurcation or phase management is necessary at this time.  The parties agree to discuss this matter further as discovery with regard to the consolidated cases progresses.

**(14) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The parties request a pretrial conference on August 3, 2020.

**(15) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The Court should set a trial date at the pretrial conference.

**(16) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

No other matters need to be included in a Scheduling Order.

**(17)  Proposed Scheduling Order**

A proposed Scheduling Order is attached hereto as **Exhibit "A"**.

Dated: December 13, 2019.

Respectfully submitted,

*/s/ Jeremy C. B. Wyatt*
Jeremy C. B. Wyatt, Bar No. MD0083
Harrison Law Group
40 W. Chesapeake Avenue, Suite 600
Towson, Maryland 21204
jwyatt@harrisonlawgroup.com

*Counsel for Plaintiff,*
*Eastcoast Siding, Inc.*
*d/b/a Eastcoast Exteriors*

*/s/ David D. Gilliss*
David D. Gilliss, Bar No. MD05174
Robert H. Kline, Bar No. MD0103
Pike & Gilliss, LLC
600 Washington Avenue, Suite 303
Towson, Maryland 21204
gilliss@pikegilliss.com
pmadigan@pikegilliss.com

*Counsel for Defendant,*
*Selective Insurance Company of America*